IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MICHAEL GURULE,<br><br>    Plaintiff,<br><br>v.<br><br>LAKEVIEW HOSPITAL, CHARLES D. WHITE, UNIVERSITY OF UTAH HOSPITAL, SARAH LNU, FNU STONEBURNER,<br><br>    Defendants. | Case No. 2:10-cv-1253-CW<br><br>**ORDER DENYING MOTIONS FOR APPOINTMENT OF COUNSEL AND SERVICE OF PROCESS** |

Before the Court are Plaintiff Michael Gurule's motions requesting appointment of counsel and service of process. (Docs. 4, 6.) Mr. Gurule is a *pro se* plaintiff whose motion to proceed *in forma pauperis* was granted on December 20, 2010, the same day Plaintiff's Complaint was filed. (Docs. 1-3.) Because Mr. Gurule is proceeding *pro se*, the Court liberally construes his pleadings. *See Ledbetter v. City of Topeka, Kansas*, 318 F.3d 1183, 1187 (10th Cir. 2003).

The Court first addresses Mr. Gurule's motion for service of process. (Doc. 6.) After considering Mr. Gurule's motion, the Court denies it at this time. The Court notes that as the case progresses, it will again evaluate whether Mr. Gurule's motion

for service of process should be granted.  Mr. Gurule need not do anything else to cause this process to occur.

The Court next addresses Mr. Gurule's motion for appointment of counsel.  (Doc. 4.)  Appointment of counsel for indigent plaintiffs is permitted by 28 U.S.C. § 1915(e)(1).  However, a plaintiff in a civil case has no statutory or constitutional right to the appointment of counsel.  *See Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420 (10th Cir. 1992); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).  In considering a motion for appointment of counsel, the Court examines whether a denial of the motion will result in fundamental unfairness implicating due process.  *See Parkhurst v. Pittsburgh Paints, Inc.*, 213 Fed. Appx. 747, 748-49 (10th Cir.), *cert. denied* 552 U.S. 867 (2007); *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Having carefully considered Mr. Gurule's motion for appointment of counsel, the Court denies it at this time.  The Court has reached this decision after considering the circumstances of this case, including the merits of Mr. Gurule's claims, the nature of the factual issues raised in the claim, Mr. Gurule's ability to present his claim, and the complexity of the legal issues raised by the claim.  *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995); *Williams*, 926 F.2d at 996.

However, if, as the matter develops, it appears that counsel may be necessary or of special help, the Court will request an attorney to appear pro bono on Plaintiff's behalf.

Therefore, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion requesting service of process (**Doc. 6**) is **DENIED**;

(2) Plaintiff's motion requesting appointment of counsel (**Doc. 4**) is **DENIED.**

DATED this 13th day of January, 2011.

BY THE COURT:

_____
SAMUEL ALBA
United States Magistrate Judge